**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MANH TUAN NGUYEN,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No.: 26-cv-3067-BJC-BJW

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Manh Tuan Nguyen's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner asserts his continued detention exceeds statutory authority and violates the due process clause of the United States Constitution. ECF No. 1. Petitioner requests that this Court assume jurisdiction over the matter, grant the Petition and order Respondents to release him from custody or schedule a bond hearing before an immigration judge.

## I. BACKGROUND

Petitioner is a native and citizen of Vietnam, who entered the United States without inspection through the San Ysidro Point of Entry, California, on November 10, 2025. Petitioner did not have valid entry documents to enter the United States and had not been admitted or paroled into the United States. He was determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and placed in expedited removal proceedings pursuant to 8

U.S.C. § 1225(b)(1). He was taken into Immigration and Customs Enforcement (ICE) custody. An asylum officer interviewed Petitioner pursuant to 8 U.S.C. § 1225(b)(1)(B) and found Petitioner to have a credible fear of persecution.

Petitioner has applied for relief from removal before an immigration judge, including asylum under 8 U.S.C. § 1158 and withholding of removal under 8 U.S.C. § 1231(b)(3). The first master calendar hearing was scheduled for December 22, 2025. The merits hearing was held on April 27, 2026. An immigration judge ordered Petitioner removed to Vietnam. Petitioner has appealed the removal order to the Board of Immigration Appeals (BIA). As a result, there is no administratively final order of removal. Petitioner has remained in ICE custody since his entry into the United States.

## II. LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*,

## III. DISCUSSION

### A. Jurisdiction

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because Petitioner's claim arises from the decision to commence removal proceedings. ECF No. 5 at 3-4. The Court disagrees.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney

General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order. Instead, Petitioner is challenging his prolonged detention without a bond hearing. Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—not the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, No. 25-CV-2180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025). Accordingly, § 1252(g) does not divest the Court of jurisdiction.

**B. Merits**

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting

cases). To determine whether continued mandatory detention without a bond hearing has become unreasonable, "the Court will look to the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).

First, Petitioner has been detained since November 10, 2025, a period of nine months. Under the circumstances of the present case, the length of detention without a bond hearing weighs in favor of Petitioner. See *Hoyos Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable.") (collecting cases); *Tonoyan v. Andrews,* No. 1:25-CV-00815-SKO (HC), 2025 WL 3013684, at *4 (E.D. Cal. Oct. 28, 2025) ("Petitioner has been detained approximately 11 months. This period ... qualifies as prolonged."); *Gao*, 2025 WL 2770633, at *5 ("The Court finds that Petitioner's detention for over 10 months without a bond hearing, in the context of the specific circumstances described above, has become unreasonable and violates due process."); *Lopez v. Garland,* 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("Petitioner has been in immigration detention ... approximately one year. District court have found shorter lengths of detention ... without a bond hearing to be unreasonable.") (collecting cases).

Next, Petitioner has an appeal to the BIA pending which makes it uncertain, at best, how long his detention will last. See *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (noting that the "government cannot predict with any degree of confidence when the BIA appeal will be resolved"). Therefore, this factor weighs in favor of Petitioner. Finally, neither the government nor Petitioner appear to have caused delays in the removal proceedings, making this factor neutral.

In sum, the circumstances here weigh in favor of Petitioner's right to a prompt and individualized bond hearing at which Respondents must justify his continued detention by a showing of clear and convincing evidence that he would likely flee or pose a danger to the community if released.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall provide Petitioner with a constitutional adequate bond hearing **no later than September 18, 2026**. Respondents are enjoined from transferring Petitioner before a bond hearing takes place. The Court **DENIES** Respondents' Motion for Extension of Time as moot (ECF No. 4) and **DENIES** Petitioner's Motion to Expedite (ECF No. 11) as moot.

**IT IS SO ORDERED**.

Dated: September 4, 2026

Honorable Benjamin J. Cheeks
United States District Judge